UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SHAUNA HILL, | : |
| Plaintiff, | : |
| v. | : Case No. 2:06-cv-233 |
| RAYMOND McCOY | : |
| Defendant. | : |

**MEMORANDUM and ORDER**

Before the Court is Defendant Raymond McCoy's Motion for Separate Trials (Doc. 114). For the reasons that follow, the motion is denied.

Rule 42(b) of the Federal Rules of Civil Procedure provides that a court may order a separate trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The defendant requests a separate trial on the issue of whether the statute of limitations bars the claim against him.

"Bifurcation may be . . . appropriate "where the evidence offered on . . . different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (citations omitted). Neither convenience, the avoidance of prejudice, nor judicial economy will be served by holding a separate trial on the statute of limitations issue.

The statute of limitations issue in this case is intertwined

with the liability and damages issues, as the Court implicitly found in denying the defendant's motion for summary judgment. *See* Hr'g Tr. 23-4, Nov. 13, 2008.  The jury will hear the same evidence from the same witnesses for the plaintiff regardless of whether it finds for the plaintiff or the defendant on the statute of limitations issue.  Specifically, the plaintiff (who resides in Seattle, Washington) and her witnesses would provide the same evidence concerning how and when she learned that the difficulties she was experiencing in her life were due to childhood sexual abuse.

The defendant argues that he will suffer prejudice from presenting contradictory defenses: for the statute of limitations issue he will emphasize that a reasonable person, knowing of her abuse, her symptoms and reactions to him, either knew or should have known that she had a claim against him.  To avoid liability he will argue that the plaintiff's difficulties were caused by other abuse suffered in her childhood, and were not traceable to him.  It is not clear that these defenses are in fact contradictory, in the sense that arguing that the statute of limitations bars the claim involves conceding liability, or vice versa.

The defendant has failed to demonstrate that the objectives of ordering separate trials will be served in this case; accordingly, his Motion for Separate Trials (Doc. 114) is **denied.**

Dated at Burlington, Vermont this 23rd day of February, 2009.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court