```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

| | |
|---|---|
| SHAUNA HILL, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 2:06-cv-233 |
| | : |
| RAYMOND McCOY | : |
| | : |
|     Defendant. | : |

## ORDER

Defendant Raymond McCoy has moved in limine to exclude or limit the testimony of Plaintiff Shauna Hill's treating psychologist, and seeks a protective order to prevent a "last moment" deposition in Seattle, Washington to preserve her testimony.

Donna Bevan-Lee, Ph.D., was identified in June 25, 2007 responses to interrogatories as a treating physician, and in March 19, 2007 initial disclosures as a potential expert. Thereafter Plaintiff's counsel informed Defendant that he did not intend to call Dr. Bevan-Lee as a witness, but only to offer her records into evidence. Consequently, no deposition was scheduled, and no expert report was provided.

On January 22, 2009, Plaintiff's counsel indicated instead that he intended to travel to Seattle to take a deposition of Dr. Bevan-Lee for use at trial. Defendant seeks to exclude Dr. Bevan-Lee's deposition testimony, or in the alternative to limit her testimony to discussion of Plaintiff's treatment and to

preclude her from offering her opinion on matters such as causation, prognosis or permanency.

Federal Rule of Procedure 26(a)(2)(A) requires the disclosure of the identity of any witness who may present expert testimony. Fed. R. Civ. P. 26(a)(2)(A). If the witness is "retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," among other requirements. Fed. R. Civ. P. 26(a)(2)(B). The Advisory Committee Notes to Rule 26 distinguish between the retained expert and the "expert whose information was not acquired in preparation for trial but rather because [she] was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit," and states that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26 advisory committees notes, 1970 & 1993 amends.

In this Circuit, the scope of that testimony may include opinions about causation, prognosis or permanency, as long as the opinions are based on information learned during the course of treatment. *See, e.g.*, *Smolowitz v. Sherwin-Williams Co.*, No. 02-CV-5940, 2008 WL 4862981, at *4 (E.D.N.Y. Nov. 10, 2008); *Santoro v. Signature Const., Inc.*, No. 00 Civ. 4595(FM), 2002 WL

2

31059292, at *4 (S.D.N.Y. Sept. 16, 2002) (mem.); *Kent v. Katz*, No. 2:99-CV-189, 2000 WL 33711516, at *2 (D. Vt. Aug. 9, 2000); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). If Dr. Bevan-Lee has opinions about causation, prognosis or permanency based on information acquired within the scope of Hill's treatment, she may provide that opinion testimony, without having submitted an expert report.

Accordingly, McCoy's Motion in Limine re: Testimony of Treating Physician (Doc. 121) and his Motion for Protective Order (Doc. 124) are **denied.**

McCoy has also moved in limine to exclude from trial any testimony concerning undocumented medical expenses and loss of income, based on insufficient and incomplete disclosure. The record does not reflect that, as of the filing of this nondispositive motion, the parties had attempted to resolve the issue. *See* L.R. 7.1(b) (requiring certification to the court that a good faith attempt has been made to obtain concurrence in the relief sought). Accordingly, the motion (Doc. 116) is **denied without prejudice** to afford the parties an opportunity to determine what matters remain genuinely at issue.

Dated at Burlington, Vermont this 16th day of March, 2009.

/s/ William K. Sessions III
William K. Sessions III

Chief Judge, U.S. District Court